NOT DESIGNATED FOR PUBLICATION

No. 116,011

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DEAN OLIVER TAPEDO,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Douglas District Court; BARBARA KAY HUFF, judge. Opinion filed March 3, 2017.
Affirmed.

*Dean Oliver Tapedo*, appellant pro se.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

*Per Curiam*:  Dean Oliver Tapedo appeals the summary dismissal of his K.S.A. 60-1507 motion. Our review of Tapedo's argument reflects the district court had subject matter jurisdiction. Additionally, we find it was not improper to charge Tapedo in Count I in the alternative with rape or aggravated indecent liberties and in Count II with aggravated criminal sodomy. We affirm.

FACTS

In 2012, a jury convicted Tapedo of aggravated indecent liberties and aggravated criminal sodomy. The district court sentenced him to imprisonment for life with a mandatory minimum sentence of 25 years. Tapedo appealed, and this court affirmed his convictions and sentence in *State v. Tapedo*, No. 109,536, 2014 WL 1707635 (Kan. App. 2014), *rev. denied* 302 Kan. 1020 (2015).

On March 10, 2016, Tapedo timely filed a motion pursuant to K.S.A. 60-1507, alleging the district court did not have subject matter jurisdiction to convict him because the charging document was defective. The State responded, arguing Tapedo's complaints are trial errors barred by res judicata and Tapedo's claims were conclusory. The district court summarily denied Tapedo's 60-1507 motion finding the trial court had jurisdiction over the criminal offenses. Tapedo timely appealed.

ANALYSIS

A district court has three options when handling a K.S.A. 60-1507 motion:

> "'(1) The court may determine that the motion, files, and case records conclusively show the prisoner is entitled to no relief and deny the motion summarily; (2) the court may determine from the motion, files, and records that a potentially substantial issue exists, in which case a preliminary hearing may be held. If the court then determines there is no substantial issue, the court may deny the motion; or (3) the court may determine from the motion, files, records, or preliminary hearing that a substantial issue is presented requiring a full hearing.' [Citation omitted.]" *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

Our standard of review depends upon which option the district court utilized. 300 Kan. at 881. When the district court summarily denies a K.S.A. 60-1507 motion, an appellate

court conducts de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. 300 Kan. at 881.

Both of Tapedo's arguments assert the district court did not have jurisdiction to convict him because the charging document was defective. Recently however, the Kansas Supreme Court held:

> "Charging documents do not bestow or confer subject matter jurisdiction on state courts to adjudicate criminal cases; the Kansas Constitution does. Charging documents need only show that a case has been filed in the correct court, *e.g.*, the district court rather than municipal court; show that the court has territorial jurisdiction over the crime alleged; and allege facts that, if proved beyond a reasonable doubt, would constitute a Kansas crime committed by the defendant." *State v. Dunn*, 304 Kan. 773, 811, 375 P.3d 332 (2016).

Here, in accordance with *Dunn*, for the district court to have jurisdiction to proceed with charging Tapedo, it must be shown the alleged criminal conduct occurred in Douglas County. Additionally, criminal conduct can be charged in the alternative. See *State v. Garza*, 290 Kan. 1021, 1035-36, 236 P.3d 501 (2010). Tapedo was charged with rape or in the alternative with aggravated indecent liberties with a child. The record reflects the alleged criminal conduct occurred in Douglas County (territorial jurisdiction), and therefore, Douglas County had jurisdiction over the trial and to convict him. We also find the aggravated criminal sodomy charge was not defective because it was drawn in the language of K.S.A. 2016 Supp. 21-5504(b)(1). See *Dunn*, 304 Kan. at 811-12 (holding a charging document is deemed sufficient if it is "'drawn in the language of the statute'").

Tapedo is not entitled to relief. The district court did not err when it summarily denied Tapedo's 60-1507 motion.

Affirmed.